UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DANIEL SPURGEON, JR., | ) | |
|         Plaintiff, | ) | Case No. 2:12-cv-00717-KJD-GWF |
| vs. | ) | **ORDER** |
| KATHLEEN BUCHANAN, et al., | ) | Application to Proceed in Forma Pauperis (#1) and Screening of Complaint (#1-1) |
|         Defendants. | ) | |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on April 30, 2012.

### BACKGROUND

Plaintiff alleges a violation of his civil rights by Kathleen Buchanan, Veronica Shaffer, and Emily McFarlan-Benson. Plaintiff alleges that his family was removed from their home to take an inventory for guardianship of his mother in order to pay a hospital bill. Plaintiff further claims that the Defendants stopped his mail from being sent to his residence. Lastly, Plaintiff claims that the locks on his home were changed, preventing him from gathering his belongings.

### DISCUSSION

**I.  Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Spurgeon's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

. . .

## II.     Screening the Complaint

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.    Instant Complaint

Plaintiff alleges claims of a violation of his Fourth Amendment rights, Fifth Amendment right to Due Process, as well as his Fourteenth Amendment rights. To state a 42 U.S.C. §1983 claim for relief Plaintiff must prove: 1) "the defendants acting under the color of the law[,]" and (2) deprived the plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 47 (1988). In other words, Plaintiff must allege that the deprivation of his

1  federal rights was due to the conduct of the Defendants while they were acting as officials of the
2  state, city or county. *Id.* at 48.

3        Plaintiff failed to properly identify the Defendants in this action.  Plaintiff must set forth
4  facts sufficient to show that the Defendants were acting in their capacity as an employee of the
5  state, city or county or were otherwise acting under color of state law.  Here, Plaintiff stated only
6  the names of the Defendants without reference to how the Defendants were acting under color of
7  state law.  Plaintiff therefore did not adhere to the necessary procedural requirements with respect
8  to properly naming the Defendants.

9        Further, Plaintiff did not include sufficient facts to support his cause of action.  Fed. Rule.
10 Civ. Procedure 8(a) requires that the plaintiff allege a short plain statement of the claim, why he is
11 entitled to relief and finally the relief sought.  Plaintiff simply stated that the Defendants took
12 control over his home and did not allow him to receive his mail.  Additionally, Plaintiff did not
13 state the relief he was seeking.  To properly state a claim before this Court, Plaintiff must include a
14 prayer for relief, explaining his injunctive or monetary demands.  Fed. Rule Civ. Procedure 8(a).
15 Because of Plaintiff's lack of factual basis for his complaint, as well as procedural inadequacies, the
16 complaint is dismissed without prejudice with leave to amend.

17       If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed
18 that the court cannot refer to a prior pleading in order to make his amended complaint complete.
19 Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any
20 prior pleading.  This is because, as a general rule, an amended complaint supersedes the original
21 complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended
22 complaint, the original pleading no longer serves any function in the case.  Therefore, in an
23 amended complaint, as in an original complaint, each claim and the involvement of each defendant
24 must be sufficiently alleged.   Accordingly,

25     **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis
26 (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty
27 dollars ($350.00).

28 . . .

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed without prejudice with leave to amend. Plaintiff shall have **thirty (30)** days from the date of this order to correct the noted deficiencies and file any amended complaint.

DATED this 31st day of May, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge