# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SPURGEON DANIELS, JR.,

    Plaintiff,

v.

KATHLEEN BUCHANAN, *et al*.,

    Defendants.

Case No. 2:12-CV-00717-KJD-GWF

**ORDER**

Before the Court is Plaintiff Spurgeon Daniels' Motion to Reconsider Order Dismissing Case (#6). On August 29 of 2012–more than 16 months ago–the Court dismissed this action with prejudice (#4) because Plaintiff violated the prior screening Order (#2) which dismissed the complaint without prejudice and required amendment of the complaint within 30 days. The Order for dismissal with prejudice (#4) was entered approximately 90 days after the screening Order (#2) was issued. No amended complaint has ever been filed with this Court.

I. Analysis

A motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). School Dist. No. 1J Multnomah County v. AC & S, Inc., 5 F.3d 1255, 1262 (9th Cir.1993). Under Rule 59(e), the motion must be filed no later than 28 days after the entry of judgment. As noted above, more than 16 months have passed since the entry of judgment in this case. Accordingly, no relief is possible on this ground.

Rule 60(b) permits reconsideration on six grounds. The first three grounds require the motion to be made within one year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). Accordingly, no relief is possible on these grounds. The last three grounds require the motion to be made "within a reasonable time." Id. The Court finds a delay of 16 months to be unreasonable in this case, where Plaintiff was explicitly ordered to file an amended complaint within 30 days, foreclosing relief under these last three grounds as well. However, even if the Court found 16 months to be "within a reasonable time," no relief is permissible. Ground 4 allows relief if the judgment is void. Fed. R. Civ. P. 60(b)(4). There is neither evidence nor argument that the judgment is void in this case. Ground 5 allows relief on multiple grounds, revolving around substantial alterations in the legal context including discharge of the judgment, reversal of an underlying judgment, or lack of equity in prospective application. Fed. R. Civ. P. 60(b)(5). No such alterations have been asserted, nor do they appear to be present in this case. Further, as Plaintiff was explicitly told to file an amended complaint within 30 days, any claim of inequity falls flat now, more than 16 months later.

The sixth and final ground permitting relief is "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, construing Plaintiff's motion generously, it is unclear that any reason for relief is presented. Further, given the ample notice provided to Plaintiff prior to dismissal, as well as the more than 16 intervening months prior to this motion, the Court find that no relief is justified in this case.

II. Conclusion

Accordingly, the Court **HEREBY DENIES** Plaintiff's Motion to Reconsider Order Dismissing Case (#6).

DATED this 7th day of January 2014.

_____
Kent J. Dawson
United States District Judge